# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| VICTOR NUNEZ, | ) | CASE NO. 1:16CV1931 |
| | ) | CASE NO. 1:17CV2325 |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| SEAN BOWMAN,[1] | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court is the report and recommendation ("R&R") of the Magistrate Judge in the above-entitled actions, filed May 17, 2019. (Case No. 1:16-cv-1931 ["*Nunez I*"], Doc. No. 21; Case No. 1:17-cv-2325 ["*Nunez II*"], Doc. No. 17.) Under the relevant statute:

> [. . .] Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C).[2] In these cases, the fourteen-day period has elapsed and no objections have been filed. The failure to file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a de novo determination by the district

---

[1] Sean Bowman is the current warden of Toledo Correctional Institution and as such is the proper party respondent. Rule 2(a) of the Rules Governing Section 2254 Cases.

[2] Moreover, the R&R advised the parties that any objections to the report were required to be filed within 14 days of the issuance of the R&R. (*Nunez I*, Doc. No. 21 at 2065; *Nunez II*, Doc. No. 17 at 253.)

court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

After the R&R was filed, on May 30, 2019, petitioner filed an untimely first supplemental traverse in *Nunez II*.[3] The filing did not reference the R&R and did not even mention the grounds for relief raised in *Nunez I*. The Court has reviewed the Magistrate Judge's report and recommendation relative to those grounds and **ADOPTS** the same. Accordingly, the Court dismisses *Nunez I*.

Likewise, the untimely supplemental traverse fails to address the Magistrate Judge's recommended disposition of petitioner's grounds raised in *Nunez II*. However, it does generally address the arguments raised in respondent's supplemental answer to the *Nunez II* petition. The Court has no duty to construct objections for petitioner, nor has it the responsibility of treating petitioner's untimely traverse as a properly filed objection to specific findings contained in the R&R. *See generally Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of *specific objections* filed by any party.") (emphasis added); 28 U.S.C. § 636(b)(1)(C). Nonetheless, out of an abundance of caution, the Court has reviewed the supplemental traverse and has considered the arguments raised therein relative to the findings and conclusions contained in the R&R.

---

[3] Petitioner filed a motion requesting an extension of 30 additional days in which to file his supplemental traverse. (*Nunez II*, Doc. No. 11.) Noting the numerous delays in the prosecution of these habeas petitions, the Magistrate Judge granted the motion, in part, and directed petitioner to file his supplemental traverse by May 13, 2019. (*Id.*, Doc. No. 12.) At that time, petitioner was advised that no further extensions would be granted. (*Id.* at 106.) Notwithstanding this warning, petitioner subsequently sought an additional 60 day extension (Doc. No. 14), which was denied. (Non-Doc. Order, dated April 22, 2019.)

The Court determines that the supplemental traverse fails to suggest any error in the Magistrate Judge's conclusions that the first two grounds for relief are procedurally defaulted, and that the third ground for relief—addressing a state court jury instruction—is not cognizable on federal habeas review. Accordingly, the Court **ADOPTS** the R&R relative to the grounds raised in *Nunez II*, and **DISMISSES** this action, as well.[4]

Further, the Court **CERTIFIES** that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: June 6, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] After the Court had drafted the present Memorandum Opinion, but before it was filed on the docket, petitioner filed a motion in *Nunez II* to "recommit" that case to the Magistrate Judge for consideration of petitioner's untimely supplemental traverse. (*Nunez II*, Doc. No. 19.) In the alternative, petitioner seeks an enlargement of time in which to file objections to the R&R. (*Id.* at 277.) Petitioner's request to "recommit" *Nunez II* to the Magistrate Judge is DENIED AS MOOT inasmuch as the Court considered petitioner's untimely traverse on the merits. Further, petitioner's untimely request for additional time in which to file objections to the R&R is DENIED. While petitioner maintains he only recently received a copy of the R&R and he needs a minimum of 60 days in which to "adequately research and prepare objections" (*id.* at 279), he fails to indicate what objections he would lodge, if given additional time, and he fails to explain how additional time would alter the Court's conclusion that the grounds raised in *Nunez II* are either procedurally defaulted or non-cognizable on federal habeas review.